IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JESSIE EDWARD FLETCHER**                                                            **PLAINTIFF**

V.                                      CASE NO. 3:20-CV-03032

**DEPUTY BILLY CORDELL and
CHIEF DEPUTY PIERCE**                                                                **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Jessie E. Fletcher ("Fletcher"), currently an inmate of the Searcy County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP").

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed IFP. 28 U.S.C. § 1915A(a). The Court must determine whether the Complaint should be served on Defendants.

### I. BACKGROUND

According to the Complaint (Doc. 1), on April 3, 2019, Deputy Cordell ("Cordell") falsely wrote on a *Miranda* rights form that Fletcher had a twelfth grade education rather than an eighth grade education; Cordell failed to note that Fletcher terminated the interview and asked for an attorney; and Cordell attempted to coerce Fletcher into confessing to a burglary charge. Fletcher alleges Cordell threatened to have him charged with kidnapping and attempted murder if he did not confess to the burglary. Fletcher also alleges Cordell coached him on what to say when he confessed. According

1

to Fletcher, Cordell worked with Chief Deputy Pierce ("Pierce") and both made threats against him.

Although Fletcher did not list Pierce as a Defendant, Fletcher's statement of his claim contains repeated allegations against Pierce. For this reason, the Court considers Pierce to be a named Defendant. Fletcher alleges Pierce questioned him on April 10, 2019, despite the fact that Fletcher asked for an attorney; lied in documentation stating that Fletcher owned a vehicle that appeared in a video of the burglary; attempted to get Fletcher to confess; told Fletcher to indicate that he had completed the twelfth grade; and obtained search warrants for phones belonging to Fletcher's wife and sister-in-law.[1]

As relief, Fletcher seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether

---

[1] Fletcher asserted virtually identical claims against Pierce in *Fletcher v. Pierce, et al.*, Civil No. 3:20-cv-03021.

2

a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. DISCUSSION

To state a claim under § 1983, Fletcher must show: (1) that Defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived him of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

#### A. The *Miranda* Claims

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the United States Supreme Court held that the Fifth Amendment privilege against self-incrimination prohibits the admission into evidence of statements given by a suspect during "custodial interrogation." In general, once an individual invokes his right to counsel custodial interrogation must cease. *Moran v. Burbine*, 475 U.S. 412, 433 n.4 (1986). If statements obtained during custodial interrogation are not used against a party, there is no constitutional violation.

*Davis v. City of Charleston*, 827 F.2d 317, 322 (8th Cir. 1987).

"[A] litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards. . . . [Th]e remedy for a *Miranda* violation is the exclusion of evidence of any compelled self-incrimination, not a section 1983 action." *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (internal quotation marks and citations omitted).

Fletcher's *Miranda* claims fail to state claims upon which relief may be granted.

### B. Verbal Threats and Harassment Claims

To the extent Fletcher's claims are based on threats made by Cordell and Pierce, the claims fail. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language do not state a claims of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

Fletcher's claims based on verbal threats and harassment fail because they are not cognizable under § 1983.

### C. Cell Phone Search Claims

Fletcher also appears to be asserting a claim against Pierce stemming from the search of two cell phones. Fletcher objects because the phones were his wife's and sister-in-law's and because the warrant covered all content for a period of a year.

Fletcher, however, does not deny that a search warrant was issued for these cell

phones. He does not allege the search warrant was issued in violation of the Fourth Amendment. To the extent Fletcher claims the search of the cell phones violated his constitutional rights, his remedy is to seek suppression in his criminal case. *United States v. Karo*, 468 U.S. 705, 719 (1984) (information obtained in violation of the Fourth Amendment would invalidate a search warrant if it proved critical to establishing probable cause); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (defendant in a criminal proceeding, under certain circumstances, may challenge in a motion to suppress the veracity of a sworn statement used by police to procure a search warrant).

Fletcher's cell phone claims fail to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** on the grounds that the claims are frivolous or fail to state claims upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i-ii) (IFP action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this case constitutes a strike within the meaning of 28 U.S.C. § 1915(g). **The Clerk is directed to place a § 1915(g) strike flag on the case.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

IT IS SO ORDERED on this 5th day of May, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5